UNITED STATES DISTRICT COURT
FILED
NOV 10 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL A. HARRIS,

Plaintiff,

v.

24-CV-1220 (JLS)

JOHN GERKEN JR., ADA; WARREN, ADA; LACKAWANNA JOHN DOE POLICE OFFICER #1; LACKAWANNA JOHN DOE POLICE OFFICER #2; CHUCK JAWORSKI, Detective; JOSEPH MILKOWSKI, Detective; LOUIS P. VIOLANTI, Former City Court Judge; OFFICER PYJAS, Lackawanna Police Officer; LT. NICHOLAS DESANTIS, Lackawanna Police Department; TIMOTHY GALLAGHER, Attorney; ANNETTE IAFALLO, Mayor of Lackawanna; CPT. JANOWSKI, Lackawanna Police Department; BRIAN PARKER, Attorney; DET. SKALLEY, Buffalo Police "A" District; JANE DOE DISTRICT ATTORNEY, Erie County ADA; LT. PETER NIGRELLI, Buffalo Police SWAT Team Commander; JOHN DOE SWAT OFFICER #1; JOHN DOE SWAT OFFICER #2; and JOHN DOE SWAT OFFICER #3,

Defendants.[1]

**DECISION AND ORDER**

*Pro se* Plaintiff Michael A. Harris, who is incarcerated at the Auburn

[1] The Clerk of Court shall amend the docket as set forth above.

Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. After granting Harris's application to proceed *in forma pauperis*, the Court screened his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (the "initial screening order").[2] Dkt. 22.

The initial screening order dismissed Harris's deprivation of property claim and all claims against the City of Lackawanna Police Department and Buffalo Police Headquarters without leave to amend. *Id.* The amended complaint was otherwise dismissed with leave to amend. *Id.*

Harris timely filed a second amended complaint. Dkt. 23. The Court now screens the second amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[3]

---

[2] Harris filed an amended complaint prior to initial screening. Thus, at initial screening, the Court treated his amended complaint as the operative pleading. The Court presumes Harris's familiarity with the initial screening order and therefore will only repeat its content where necessary.

[3] After the Court screened Harris's second amended complaint, but before the Court entered this Decision and Order, Harris filed a revised second amended complaint (Dkt. 24). The Court conducted a side-by-side comparison and notes that the only substantive difference between the documents is that the revised second amended complaint requests attorney's fees. The revised second amended complaint also refers to three exhibits that are not attached to either document or separately filed. *See* Dkt. 24 at 31 (stating that exhibits include the history of former Judge Violanti and video surveillance from 411 South Shore Blvd and 68 Heussy). To avoid unnecessary expenditure of judicial resources and further delay, the Court will enter this Decision and Order, which screens the second amended complaint (Dkt. 23), but the revised second amended complaint (Dkt. 24) will be served.

## DISCUSSION

### I. Legal Standards

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making such determinations, the Court may consider documents attached to the complaint or incorporated by reference. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). However, permission to amend is not required where the plaintiff has been afforded a prior opportunity to amend. *See Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice where it failed to "remedy any of the pleading deficiencies identified in the Screening Order").

District courts in this Circuit routinely dismiss claims in amended complaints that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

## II. Analysis

### A. Claims Analyzed in the Initial Screening Order

The initial screening order observed that Harris's amended complaint named as defendants only the City of Lackawanna Police Department and Buffalo Police Headquarters. Dkt. 22 at 8.[4] Because those defendants are non-suable entities, the Court liberally construed the amended complaint as attempting to assert Fourth and Fourteenth Amendment claims against City of Lackawanna Police Department ("LPD") officers; First and Fourteenth Amendment claims against an LPD captain; and a Fourth Amendment claim against City of Buffalo SWAT team members. *Id.* at 8-15. The Court explained the pleading requirements for these claims and dismissed them with leave to amend. *Id.* at 9-15.

#### 1. SWAT Officers

Harris's amended complaint alleged that on July 7, 2024, the LPD asked the City of Buffalo to send their SWAT team to his home. *Id.* at 9; Dkt. 8 at 6. Once there, the SWAT team entered his home without an executed search warrant. Dkt. 22 at 9; Dkt. 8 at 6, 8. The Court apprised Harris that his allegations did not

[4] Page numbers refer to the CM/ECF generated numbering in the header of each page.

overcome the presumption of collective knowledge imputed to the SWAT officers. Dkt. 22 at 9. The Court further advised Harris that, to allege a Fourth Amendment claim plausibly against the SWAT officers, a second amended complaint must plausibly allege that, on July 7, 2024, LPD officers did not possess sufficient information that would provide probable cause to arrest him. *Id.* at 9-10. The Court also cautioned Harris that, in the event a warrant had been issued for his arrest, his second amended complaint must include facts that overcome the validity of that warrant. *Id.* at 10 n. 4. In addition, the Court instructed Harris that he must name the SWAT officers he intends to sue in the caption of the second amended complaint and in his list of defendants or, if he does not know their names, name each officer as a John or Jane Doe. *Id.* at 10.

The second amended complaint alleges that, "on July 7, 2024, a search warrant was issued to search Harris's premises," but that three John Doe SWAT officers entered his home before the warrant was valid. Dkt. 23 at 17-18. It further alleges that SWAT Lt. Cmd. Peter Nigrelli is responsible for the Buffalo SWAT team and "allowed" the three John Doe SWAT officers to enter Harris's home without a valid warrant. *Id.* at 18.

Warrantless searches are "per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). "If it is established that the place or object subjected to the warrantless search is one in which the plaintiff has a reasonable expectation of privacy, the defendant has the

burden of showing that the search was valid because it fell within one of the exceptions to the warrant requirement." *McCardle v. Haddad*, 131 F.3d 43, 48 (2d Cir. 1997).

Because Harris alleges that the three SWAT officers entered his home without a valid warrant, this claim will proceed to service.[5]

**2. LPD Captain**

With respect to the LPD captain, Harris alleged in the amended complaint that he had attempted to file a grievance at the Lackawanna police station but, after checking dispatch records, the captain ordered Harris to leave, saying that Harris's "kind" was not welcome. Dkt. 22 at 11-12; Dkt. 8 at 5. The Court determined that, for purposes of screening, Harris had plausibly alleged First and Fourteenth Amendment claims, but that the claims could not proceed to service because he neither named the police captain nor sufficiently identified him. Dkt. 22 at 11-12. The Court apprised Harris that a second amended complaint must provide either the captain's name or facts sufficient to identify the captain. *Id.* at 12.

Harris's second amended complaint realleges the facts supporting this claim and identifies Captain Janowski as the defendant. Dkt. 23 at 12. Accordingly, Harris's First and Fourteenth Amendment claims arising from his attempt to file a grievance against LPD officers will proceed to service upon Captain Janowski.

---

[5] In permitting certain claims to proceed to service, the Court expresses no opinion as to whether these claims can withstand a properly filed *Heck* challenge, a motion to dismiss, or a motion for summary judgment.

**3. LPD Officers**

As to the LPD officers, the Court determined that Harris's allegations that he was told by a Lackawanna official "under no certain terms that a black man will not be allowed to date a white woman, especially a police captain's daughter," and thereafter, despite not committing any traffic infractions, was repeatedly pulled over while traveling through Lackawanna and subjected to varying degrees of harassment, permitted an inference that LPD officers intentionally pulled Harris over because of his race, in violation of the Fourteenth Amendment's equal protection clause. Dkt. 22 at 13. The Court also determined that Harris's allegations that he was subjected to unjustified traffic stops and that, incident to those stops, his vehicle was searched, permitted an inference that LPD officers violated his rights under the Fourth Amendment. *Id.* at 13-14. Here, too, the claims could not proceed to service because Harris neither named the defendants nor provided information that would assist in identifying them. *Id.* at 14.

Harris's second amended complaint realleges the allegations supporting his Fourth and Fourteenth Amendment claims arising from the traffic stops and identifies LPD John Doe Police Officers #1 and #2 as the defendants. Dkt. 23 at 10-11. Accordingly, Harris's Fourth and Fourteenth Amendment claims will proceed to service upon Lackawanna John Doe Police Officers #1 and #2.

**4. Municipal Liability Claims**

The initial screening order observed that none of the allegations in the amended complaint suggested that Harris was attempting to plead a municipal

liability claim, but apprised him of the elements to allege plausibly such a claim, and granted him leave to replead to attempt to do so. Dkt. 22 at 14-15.

Nothing in Harris's second amended complaint suggests a municipal liability claim. Nor are there any facts that could support a plausible municipal liability claim if Harris were given another opportunity to amend. This claim is therefore dismissed without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Claims Outside the Scope of the Amendment Permitted in the Initial Screening Order

Harris's second amended complaint attempts to add claims against assistant district attorneys John Gerken Jr., Warren, and Jane Doe; detectives Chuck Jaworski, Joseph Milkowski, and Skalley; Judge Louis P. Violanti; Officer Pyjas; Lt. Desantis; attorneys Timothy Gallagher and Brian Parker; and Mayor Annette Iafallo. Dkt. 23. Harris asserts false arrest, malicious prosecution, prosecutorial misconduct, abuse of power, due process, unfair trial, and various state law claims against these defendants. *Id.* at 26. These claims arise "out of his arrest on charges of murder in the [second] degree, criminal contempt in the first and second degree[,] tampering [with] evidence[, and] [fraudulent] charges of PL 220.16 criminal sale of a controlled substance in the [third] degree." *Id.*

The addition of these new claims and defendants falls outside the scope of the amendment permitted in the Court's previous order. Dkt. 22 at 8-15. The Court therefore dismisses these claims without prejudice. Harris may attempt to assert these claims through formal motion practice—that is, by filing a motion to amend

his second amended complaint, *see* Fed. R. Civ. P. 15, or by filing a separate lawsuit.[6]

## CONCLUSION

For the reasons above, Harris's First and Fourteenth Amendment claims arising from his attempt to file a grievance against LPD officers will proceed to service upon Captain Janowski; his Fourth and Fourteenth Amendment claims arising from the unjustified traffic stops will proceed to service upon Lackawanna John Doe Police Officers #1 and #2; and his Fourth Amendment claim arising from the SWAT officers' entry into his home will proceed to service upon SWAT Lt. Cmd. Peter Nigrelli and John Doe SWAT Officers #1, #2, and #3. His municipal liability

---

[6] In deciding how to proceed, Harris might consider the following: (1) criminal defense attorneys—whether a public defender, court-appointed attorney, or privately retained counsel—are not persons acting under color of law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk County v. Dodson*, 454 U.S. 312, 317 (1981) (appointed counsel in a state criminal prosecution is not acting under color of state law in the ordinary course of conducting the defense); (2) judges enjoy absolute immunity unless the judge takes an action outside of his or her judicial capacity or in the complete absence of all jurisdiction, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); (3) "absolute immunity protects a prosecutor from . . . liability for virtually all acts, regardless of motivation, associated with his function as an advocate," *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994); and (4) *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars any claim where judgment in favor of the plaintiff would imply the invalidity of the plaintiff's criminal conviction, unless the plaintiff can demonstrate that the conviction has been reversed, vacated, or invalidated. Harris also should be aware that "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *K.W. on behalf of K.A. v. City of New York*, 177 F.4th 127, 150 (2d Cir. 2026) (internal quotation marks and citation omitted).

claims, however, are dismissed without leave to amend for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Further, Harris's claims against assistant district attorneys John Gerken Jr., Warren, and Jane Doe; detectives Chuck Jaworski, Joseph Milkowski, and Skalley; Judge Louis P. Violanti; Officer Pyjas; Lt. Desantis; attorneys Timothy Gallagher and Brian Parker; and Mayor Annette Iafallo are dismissed, without prejudice, as outside the scope of the permitted amendment. Harris may attempt to assert claims against these defendants via formal motion practice or by filing a separate lawsuit.

## ORDER

IT HEREBY IS ORDERED that all claims against assistant district attorneys John Gerken Jr., Warren, and Jane Doe; detectives Chuck Jaworski, Joseph Milkowski, and Skalley; Judge Louis P. Violanti; Officer Pyjas; Lt. Desantis; attorneys Timothy Gallagher and Brian Parker; and Mayor Annette Iafallo are dismissed without prejudice. The Clerk of Court is directed to terminate these defendants; and it is further

ORDERED that any municipal liability claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that Harris's First and Fourteenth Amendment claims arising from his attempt to file a grievance against LPD officers will proceed to service upon Captain Janowski; his Fourth and Fourteenth Amendment claims arising from being subjected to unjustified traffic stops will proceed to service upon

Lackawanna John Doe Police Officers #1 and #2; his Fourth Amendment claim arising from the SWAT officers' entry into his home will proceed to service upon SWAT Lt. Cmd. Peter Nigrelli and John Doe SWAT Officers #1, #2, and #3; and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Decision and Order, the original screening order (Dkt. 22), and the revised second amended complaint (Dkt. 24) by email to Arianna Kwiatkowski, Lackawanna City Attorney, cityattorney@lackny.com; and it is further

ORDERED that, pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), the Court requests that the Lackawanna City Attorney ("City Attorney") provide Captain Janowski's and SWAT Lt. Cmd. Peter Nigrelli's full names, with correct spelling, and last known service address and ascertain the identities and last known service addresses of Lackawanna John Doe Police Officers #1 and #2 and John Doe SWAT Officers #1, #2, and #3—or provide a written statement of reasons why such identification is improper or impossible—by **December 10, 2026**, to the *Pro Se* Litigation Unit, United States District Court, 2 Niagara Square, Buffalo, NY 14202. The City Attorney need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Harris may properly serve these defendants, as instructed by the Second Circuit in *Valentin*. Should the *Valentin* response return personally identifiable information such as a home address, that contact information shall be given to the Marshals

Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

ORDERED that, once the Court receives Captain Janowski's, SWAT Lt. Cmd. Peter Nigrelli's, Lackawanna John Doe Police Officers #1 and #2's, and John Doe SWAT Officers #1, #2, and #3's names and service addresses, the revised second amended complaint (Dkt. 24) shall be deemed amended to reflect their full names, and the Clerk of Court shall update the docket sheet and cause the United States Marshals Service to serve the summons, revised second amended complaint (Dkt. 24), and this Decision and Order upon Captain Janowski, SWAT Lt. Cmd. Peter Nigrelli, Lackawanna John Doe Police Officers #1 and #2, and John Doe SWAT Officers #1, #2, and #3, unpaid fees to be recoverable if this action terminates by monetary award in Harris's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), Captain Janowski, SWAT Lt. Cmd. Peter Nigrelli, Lackawanna John Doe Police Officers #1 and #2, and John Doe SWAT Officers #1, #2, and #3 shall answer or otherwise respond to Harris's revised amended complaint (Dkt. 24); and it is further

ORDERED that, pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Harris must inform the Court immediately, in writing, of any

change of address. Failure to do so may result in dismissal of the case, with prejudice.

SO ORDERED.

Dated: November 10, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE